**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**DARCY C. MARTIN**                                                                    **PLAINTIFF**

**V.**                                                      **CIVIL ACTION NO. 5:14cv21-KS-MTP**

**DUNAWAY FOOD SERVICES AND**
**MISSISSIPPI DEPARTMENT OF**
**EMPLOYMENT SECURITY**                                               **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Defendant Mississippi Department of
Employment Security's ("MDES") Motion to Dismiss [12] and the Plaintiff Darcy C.
Martin's Motion for Protection [20], Motion to Introduce Evidence [27], and Motion to
Introduce Evidence [28].  Having considered the submissions of the parties, the record,
and the applicable law, the Court finds that:

1)    MDES's Motion to Dismiss [12] should be granted;

2)    Plaintiff's Motion for Protection [20] should be granted in part and denied
in part;

3)    Plaintiff's Motion to Introduce Evidence [27] should be granted in part and
denied in part; and

4)    Plaintiff's Motion to Introduce Evidence [28] should be granted in part and
denied in part.

**I.  BACKGROUND**

Plaintiff Darcy C. Martin, proceeding *pro se* and *in forma pauperis*, asserts
liability against Dunaway Food Services ("Dunaway") and MDES in relation to the
termination of his employment.  On May 14, 2012, Martin was terminated from his night

porter position with Dunaway.  (*See* Order of the Circuit Court of Pike County, Mississippi ("State Court Order") [13-8].)  Martin subsequently sought unemployment benefits from MDES.  On November 14, 2012, MDES issued its Notice to Employer of Claims Determination Decision [13-3], providing that Dunaway failed to show that Martin was terminated for the misconduct alleged and that Martin was eligible for unemployment benefits.  Dunaway subsequently appealed this determination to the State Administrative Law Judge ("ALJ").  On January 7, 2013, the ALJ issued a Decision [13-4], reversing the aforementioned determination and finding that Dunaway presented clear and convincing evidence of Martin engaging in misconduct leading to his discharge.  Martin was disqualified from receiving unemployment benefits as a result of the ALJ's Decision [13-4].  On January 9, 2013, Martin appealed the ALJ's Decision to the MDES Board of Review.  The Board of Review affirmed the ALJ's determination that Martin was not entitled to benefits.  (*See* Board of Review Decision [13-6].)  Martin next filed an appeal in the Circuit Court of Pike County, Mississippi (the "First Appeal").  On May 8, 2013, the state court affirmed the administrative finding that Martin was terminated for misconduct and not entitled to unemployment benefits.  (*See* State Court Order [13-8].)

On June 3, 2013, Martin filed a separate action against Dunaway and MDES in the Circuit Court of Pike County (the "Second Action"), alleging that he was wrongfully terminated without justifiable cause.  (*See* State Court Complaint [13-9].)  Martin sought injunctive and declaratory relief (without specifying the requested declaration or the acts to be restrained or required), punitive damages, and $70,000 for emotional distress relating to the loss of his job.  MDES subsequently moved to dismiss the Second Action

under the doctrine of res judicata based on the outcome of Martin's First Appeal.  On

December 18, 2013, the state court granted MDES's motion and dismissed the Second

Action with prejudice.  (*See* Order of Dismissal [13-11].)  Martin appealed this dismissal

to the Mississippi Supreme Court.  MDES moved to dismiss the appeal on several

grounds, including:  (i) the time for an appeal to the Mississippi Supreme Court for

proceedings associated with the First Appeal had expired; (ii) MDES enjoyed sovereign

immunity from suits for monetary damages pursuant to the Eleventh Amendment of the

United States Constitution; and (iii) MDES was immune from liability as to any monetary

damages due to Martin's failure to comply with the requirements of the Mississippi Tort

Claims Act ("MTCA").  On February 19, 2014, the Mississippi Supreme Court granted

MDES's motion and dismissed the appeal.  (Order [13-14].)

On March 5, 2014, Martin filed suit against Dunaway and MDES in this Court.

(*See* Compl. [1].)  Martin seeks damages in the amount of $100,000 based on the

termination of his employment and the alleged violation of "labor laws" and his

"constitutional rights."  On March 14, 2014, the Court ordered Martin to amend his

complaint to provide additional information regarding his claims because the "complaint,

even liberally construed, does not provide sufficient information regarding the

defendants and the claims."  (Order [3] at p. 1.)  On March 25, 2014, Martin filed his

Amended Complaint [4] asserting violations of:  (i) his right to due process under the

Fifth Amendment; (ii) his right to be free from cruel and unusual punishment under the

Eighth Amendment; (iii) his right to be free from slavery under the Thirteenth

Amendment; and (iv) "Mississippi Fair Labor Laws."[1]

On April 25, 2014, MDES filed its Motion to Dismiss [12] pursuant to Federal Rule of Civil Procedure 12(b)(1) (lack of subject matter jurisdiction) and (b)(6) (failure to state a claim upon which relief can be granted). MDES argues that all of Martin's claims are barred by Eleventh Amendment sovereign immunity. MDES further asserts that it is not a "person" amenable to suit under Title 42 U.S.C. § 1983. In addition, dismissal is sought on the grounds of res judicata and the *Rooker-Feldman* doctrine based on the above-discussed state court proceedings.

On May 5, 2014, Martin filed his Motion for Protection [20]. On September 11, 2014, Martin filed his Motion to Introduce Evidence [27]. On October 14, 2014, Martin filed his second Motion to Introduce Evidence [28]. Generally, these filings present arguments and authorities in support of Martin's causes of action against Dunaway and MDES.

## II.  DISCUSSION

### A.    Plaintiff's Motion for Protection [20], Motion to Introduce Evidence [27], and Motion to Introduce Evidence [28]

Martin has filed numerous documents subsequent to the service of MDES's Motion to Dismiss [12]. Martin's Motion for Protection [20] and Motions to Introduce Evidence [27], [28] fall within that number. As is all too common with *pro se* filings in this Court, Martin's submissions are partially indecipherable, are not easily classified under the Federal Rules of Civil Procedure or the Court's Local Uniform Civil Rules, and

---

[1] Martin fails to cite, and the Court has not identified, any specific state statute falling under this description.

-4-

contain references to legal authorities having no apparent relation to the subject dispute.[2]  This leaves the Court with the not so simple task of determining what specific relief Martin is seeking, whether there are any legally cognizable grounds for that relief, and whether any Court action is necessitated by Martin's filings.

The Court has carefully considered Martin's motions and finds that they should be granted in part and denied in part.  The Motion for Protection [20] and Motions to Introduce Evidence [27], [28] are granted to the extent the Court will consider the arguments, assertions, and legal bases presented in these filings in ruling on MDES's Motion to Dismiss [12].  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (providing that *pro se* pleadings are to be liberally construed and that a court should consider post-complaint filings by *pro se* litigants as amendments to the complaint in ruling on the propriety of dismissal) (citations omitted).  Any argument or authority presented by Martin in the subject motions, or in any other document of record submitted by Martin, that could be construed as opposing dismissal will be weighed in the Court's determination of MDES's dismissal request.  Martin's motions are otherwise denied.

**B.    MDES's Motion to Dismiss [12]**

**1.    Legal Standards**

---

[2] For example, Martin alleges that the Defendants violated his "right to be free from 'cruel and unusual punishment'" under the Eighth Amendment.  (Pl.'s Mot. for Protection [20] at p. 2.)  Martin, however, fails to describe any punishment meted out during a period of incarceration as a result of a criminal conviction.  *See Lynch v. Cannatella*, 810 F.2d 1363, 1375 (5th Cir. 1987) ("[T]he . . . prohibition against cruel or unusual punishment is not applicable to cases in which the plaintiffs were not in custody as a result of having been convicted of a crime.") (citations omitted).

"The party asserting jurisdiction bears the burden of proof for a 12(b)(1) motion to dismiss." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011) (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).  The court is to accept the facts and allegations set forth in the complaint as true; although, the court is authorized to consider and resolve disputed fact issues for jurisdictional purposes.  *See Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012) (citations omitted). Accordingly, subject matter jurisdiction may be found lacking on any of the following "bases:  (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *Id.*

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*; *see also In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010) ("To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'") (quoting *Twombly*, 550 U.S. at 555).  A complaint containing mere "labels and conclusions, or a formulaic recitation of the elements" is insufficient.  *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012) (citation and internal quotation marks omitted). Although courts are to accept all well-pleaded facts as true and view those facts in the

light most favorable to the nonmoving party, courts are not required "to accept as true a legal conclusion couched as factual allegation." *Randall D. Wolcott, M.D., P.A.*, 635 F.3d at 763 (citations omitted).  Ultimately, the court's task "is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *In re McCoy*, 666 F.3d 924, 926 (5th Cir. 2012) (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)). A court may consider matters of public record and documents that are referenced in the complaint and central to the plaintiff's claim in deciding a Rule 12(b)(6) motion.  *See Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir. 2005) (citations omitted).

### 2.    Analysis

The Court first addresses MDES's immunity argument since "Eleventh Amendment immunity operates like a jurisdictional bar, depriving federal courts of the power to adjudicate suits against a state." *Union Pac. R.R. Co. v. La. Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011) (citations omitted); *see also United States v. Tex. Tech Univ.*, 171 F.3d 279, 285-86 (5th Cir. 1999) (providing that questions of sovereign immunity are to be resolved prior to the determination of any merits issue). "The Eleventh Amendment codified the sovereign immunity of the several states." *Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014) (citing *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267, 117 S. Ct. 2028, 138 L. Ed. 2d 438 (1997)).  This grant of immunity precludes a private citizen from suing his state or any other state in federal court.  *See Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013) (citations omitted).  Sovereign immunity extends to state agencies and

other arms of the state.  *See Union Pac. R.R. Co.*, 662 F.3d at 340 n.3 (quoting *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002)).  Both federal and state law claims are subject to this immunity bar.  *See Raj*, 714 F.3d at 328-29.  Nonetheless, the Eleventh Amendment is inoperable where a "state has waived its sovereign immunity or Congress has clearly abrogated it."  *Moore*, 743 F.3d at 963 (citations omitted).  A claim for prospective injunctive relief against a state official accused of violating federal law is also not barred by the Eleventh Amendment.  *Id.*  This latter exception has its origins in the case of *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908).

MDES is considered to be "an arm of the State of Mississippi" for purposes of the Eleventh Amendment.  *Cannon v. Miss. Dep't of Employment Sec.*, No. 3:11cv428, 2012 WL 2685089, at *3 (S.D. Miss. July 6, 2012) (citing Miss. Code Ann. § 71-5-101); *see also Millsap v. Crosby*, No. 2:13cv80, 2014 WL 3548842, at *2 (S.D. Miss. July 17, 2014) ("Both MDES and MDHS are considered 'arms' of the State of Mississippi.") (citations omitted).  Therefore, MDES is immune from Martin's claims in this Court unless one of the aforementioned exceptions to immunity applies.

The State of Mississippi has not expressly waived its immunity from suit in federal court.  To the contrary, Mississippi explicitly preserved its sovereign immunity as to federal litigation when it enacted the MTCA.  *See McGarry v. Univ. of Miss. Med. Ctr.*, 355 Fed. Appx. 853, 856 (5th Cir. 2009) (citing Miss. Code Ann. § 11-46-5(4), which states that "[n]othing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment").  The Court also finds that MDES, as an arm of Mississippi, has not consented to being sued

in this forum by removing the case from state court or engaging in any other voluntary conduct that could be construed to invoke federal jurisdiction.  *See Union Pac. R.R. Co.*, 662 F.3d at 341.  As a result, the waiver exception to Eleventh Amendment immunity fails to save Martin's claims from dismissal.

The *Ex parte Young* doctrine also does not operate in the confines of this dispute.  Martin's Complaint [1] and Amended Complaint [4] seek damages in the amount of $100,000.  A request for prospective injunctive relief, as opposed to monetary damages for past harms, is required to trigger the application of *Ex parte Young*.  *See Salinas v. Tex. Workforce Comm'n*, 573 Fed. Appx. 370, 372-73 (5th Cir. 2014).  The Court's construction of Martin's assertion that he "is seeking injunctive and monetary relief"[3] as an amendment to the pleadings does not alter the preceding ruling.  "Only state officials, not state agencies, may be enjoined."  *Moore*, 743 F.3d at 963 (citing *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146, 113 S. Ct. 684, 121 L. Ed. 2d 605 (1993)); *see also Raj*, 714 F.3d at 328 (rejecting the plaintiff's reliance on *Ex parte Young*, notwithstanding his request for injunctive relief, since he only named state entities as defendants).  None of Martin's filings name a state official as a defendant.

The exception to sovereign immunity based on congressional abrogation is inapplicable with respect to the constitutional claims asserted in Martin's Amended Complaint [4] and his later submissions.  The Court construes these claims under 42

---

[3] (Pl.'s Answer to Mot. on Immunity Defense [24] at p. 3.)

U.S.C. § 1983 even though Martin does not specifically cite the statute.[4]  It is well established that "Congress has not expressly waived sovereign immunity for § 1983 suits."  *Richardson v. S. Univ.*, 118 F.3d 450, 453 (5th Cir. 1997) (citing *Quern v. Jordan*, 440 U.S. 332, 340-45, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979); *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 186 (5th Cir. 1986)); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989) ("That Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity and so to alter the federal-state balance in that respect was made clear in our decision in *Quern*.").  Thus, Martin's claims against MDES for its alleged "deprivation of any rights . . . secured by the Constitution"[5] are barred by the Eleventh Amendment.  *See Raj*, 714 F.3d at 328 n.2 (affirming the dismissal of alleged violations of the Fifth and Fourteenth Amendments, as well as equal protection and discrimination claims expressly brought under § 1983); *Swindle v. Livingston Parish Sch. Bd.*, 655 F.3d 386, 387, 399 (5th Cir. 2011) (finding that the defendants were entitled to sovereign immunity from the plaintiffs' § 1983 action for damages alleging constitutional

---

[4] *See, e.g.*, *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347, 190 L. Ed. 2d 309 (2014) (holding that the plaintiffs were not required to invoke § 1983 expressly in their complaint in order to state a claim for damages); *Foster v. Michigan*, 573 Fed. Appx. 377, 391 (6th Cir. 2014) ("[W]e have long held that § 1983 provides the exclusive remedy for constitutional violations."); *Burns-Toole v. Byrne*, 11 F.3d 1270, 1273 n.3 (5th Cir. 1994) (providing that § 1983 is the appropriate vehicle for asserting violations of constitutional rights); *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) ("We have previously held that a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983.").

[5] 42 U.S.C. § 1983.

violations).[6]

Martin's various allegations of employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), are not subject to Eleventh Amendment immunity.  Congress expressly abrogated sovereign immunity under Title VII.  *See Raj*, 714 F.3d at 330 n.4 (citation omitted).  However, Martin has failed to state a claim for relief against MDES under Title VII.  The former Jackson Division of this Court has recognized that "an essential element of proof in a Title VII claim is that the defendant sued is, in fact, an employer under Title VII."  *Davis v. State Dep't of Health*, 744 F. Supp. 756, 762 (S.D. Miss. 1990).  Martin has presented no well-pleaded facts leading to the plausible inference that MDES was his employer at any time relevant to the Complaint.  Rather, Martin claims that he "was employed by Dunaway Food Services."  (Compl. [1] at p. 1.)  Martin's Title VII cause of action against MDES is due to be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

MDES argues that the violations of 29 U.S.C. § 218c claimed by Martin fail for substantially the same reason.  The Court agrees.  Section 218c prohibits an "employer" from discharging or discriminating against an employee in several respects.  29 U.S.C. § 218c(a).  The factual averments before the Court lead to the conclusion that Dunaway, not MDES, was Martin's "employer."[7]

---

[6] The Supreme Court's decision in *Will v. Michigan Department of State Police*, supplies an additional basis for the dismissal of Martin's federal claims against MDES. A state is not a "person" amenable to suit under § 1983.  *Will*, 491 U.S. at 64.  This rule extends to state agencies such as MDES.  *See Cannon*, 2012 WL 2685089, at *3 (dismissing the plaintiff's claims against MDES).

[7] Section 218c is part of the Fair Labor Standards Act ("FLSA").  *See Richter v. Design at Work, LLC*, No. 14cv650, 2014 WL 3014972, at *3 (E.D.N.Y. July 3, 2014).

-11-

In sum, the Court will grant MDES's Motion to Dismiss [12] since Martin's claims against it are barred under the Eleventh Amendment and/or fail to state a claim upon which relief can be granted.  MDES's arguments for dismissal based on res judicata and the *Rooker-Feldman* doctrine need not be addressed in light of this ruling.  The Court has considered all of Martin's opposing arguments.  Those not specifically addressed above fail to alter the Court's holding.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss [12] is granted and the Plaintiff's claims against the Defendant Mississippi Department of Employment Security are dismissed without prejudice.

IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff's Motion for Protection [20] is granted in part and denied in part, as outlined above.

IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff's Motion to Introduce Evidence [27] is granted in part and denied in part, as outlined above.

IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff's Motion to Introduce Evidence [28] is granted in part and denied in part, as outlined above.

IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff and Dunaway Food Services are to contact the chambers of the United States Magistrate Judge

---

Several courts, including the Supreme Court, have found that the FLSA does not override states' sovereign immunity from suit in federal court.  *See, e.g.*, *Alden v. Maine*, 527 U.S. 706, 711-12, 119 S. Ct. 2240, 144 L. Ed. 2d 636 (1999); *Mich. Corr. Org. v. Mich. Dep't of Corr.*, 774 F.3d 895 (6th Cir. 2014); *Versiglio v Bd. of Dental Exam'rs of Al.*, 686 F.3d 1290, 1291, 1293 (11th Cir. 2012); *Bergemann v. R.I. Dep't of Envtl. Mgmt.*, 665 F.3d 336, 339 (1st Cir. 2011).  It would thus appear that any allegations Martin asserts against MDES under the FLSA are also subject to dismissal based on Eleventh Amendment immunity.

Michael T. Parker within fourteen (14) days of the entry of this Order to schedule a case

management conference.

SO ORDERED AND ADJUDGED this the 6th day of February, 2015.


                                              *s/ Keith Starrett*
                                    UNITED STATES DISTRICT JUDGE