IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**DARCY C. MARTIN**                                                                                   **PLAINTIFF**

v.                                                                    CIVIL ACTION NO. 5:14-CV-21-KS-MTP

**DUNAWAY FOOD SERVICES, L.P.,
AND MISSISSIPPI DEPARTMENT OF
EMPLOYMENT SECURITY**                                                             **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matters is before the Court on the Motion for Summary Judgment [59] filed by Defendant Dunaway Food Services, L.P. ("Defendant"). After considering the submissions of the parties, the record, and the applicable law, the Court finds Defendant's motion to be well taken and should be granted.

## I.  BACKGROUND

Plaintiff Darcy C. Martin ("Plaintiff") was employed from January 2012 to May 2012 as a porter at Burger King No. 12305 in McComb, Mississippi, which is owned and operated by Defendant. (Order [59-5] at p 1.) On May 14, 2012, Plaintiff was terminated by Defendant. (*Id.*)

Plaintiff subsequently applied to the Mississippi Department of Employment Security ("MDES") for unemployment benefits. Initially, the MDES held that Plaintiff was eligible to receive benefits, and Defendant appealed this decision to the Administrative Law Judge ("ALJ"). (ALJ Decision [59-3] at p. 2.) On January 7, 2013, the ALJ issued its decision and found that Plaintiff was terminated due to misconduct and held that he was ineligible for unemployment benefits. (*Id.* at pp. 3-4.) The MDES Board of Review adopted and affirmed the ALJ Decision on January 28, 2013. (Board of Review Decision [59-4].) Plaintiff appealed this decision to the

Circuit Court of Pike County, Mississippi, which issued an order affirming the Board's holding on May 8, 2013. (Pike County Order [59-5].)

On June 3, 2013, Plaintiff filed a complaint with the Pike County Circuit Court against Defendant and the MDES, seeking damages and injunctive relief in connection with his denial of unemployment benefits. (*See* Pike County Complaint [59-6].) That action was dismissed on the grounds that Plaintiff had exhausted his appeal rights. (*See* Order of Dismissal [59-7].) Plaintiff attempted to file the complaint with the Mississippi Supreme Court, who dismissed the action on February 20, 2014. (*See* Supreme Court Complaint [59-8]; Supreme Court Order [59-10].)

Plaintiff brought the current action to this Court on March 5, 2014, against Defendant and the MDES. On February 6, 2015, the Court dismissed all claims against the MDES without prejudice. (*See* Order [30].) Only claims against Defendant remain pending.

## II.  DISCUSSION

### A.  Standard of Review

Because Plaintiff is proceeding pro se, the Court will liberally construe his pleadings and legal arguments. *See Sec. Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993). Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation and internal quotation marks omitted). The nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra*

*Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)).  "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (citation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)).  When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138.  However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citation omitted). Summary judgment is mandatory "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

      **B.**    ***Rooker-Feldman* Doctrine**

Defendant contends that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine is a narrow doctrine that "bars . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Houston v. Venneta Queen*, 606 F.App'x 725, 730 (5th Cir. 2015) (quoting *Exxon Mobil Corp. v.*

3

*Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L.Ed.2d 454 (2005)). This doctrine does not, though, prevent Plaintiff from "present[ing] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party." *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 381 (5th Cir. 2013) (quoting *Exxon Mobil*, 544 U.S. at 293, 125 S. Ct. 1517) (alteration in original). The *Rooker-Feldman* doctrine has four elements: "(1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceedings began; and (4) the federal suit requests review and reversal of the state-court judgment." *Houston*, 606 F.App'x at 730.

From the Court's liberal reading of Plaintiff's Amended Complaint [4], Plaintiff asserts the following claims against Defendant: (i) violation of the due process under the Fourteenth Amendment; (ii) violation of the cruel and unusual punishment prohibition of the Eighth Amendment; (iii) violation of the Thirteenth Amendment's prohibition of slavery; (iv) denial of unemployment benefits; (v) discrimination based on past criminal history; and (vi) denial of proper performance appraisal. The only claim Plaintiff previously brought in state court was his denial of unemployment benefits claim. The Pike County Circuit Court affirmed the denial of benefits before the current action commenced. (*See* Pike County Order [59-5].) Plaintiff is now alleging harm because he was denied unemployment benefits. This satisfies the first three elements of the *Rooker-Feldmen* doctrine because Plaintiff is (1) a state-court loser (2) alleging harm from the decision of the state court judgment and (3) who lost in state court before filing his federal action. Plaintiff concedes the fourth element in his response to Defendant's motion, calling the state court a "lower court" whose judgment the Court, as a "higher court," need not accept. (Response [62] at p. 2.) Therefore, *Rooker-Feldmen* bars the Court from hearing

Plaintiff's denial of unemployment benefits claim and Defendant's motion will be **granted** with respect to this claim.

  **C.**  **Res Judicata**

Federal courts are required to "give the same preclusive effect to a state-court judgment as another court of that State would give." *Exxon Mobil*, 544 U.S. at 293, 125 S. Ct. 1517 (quoting *Parson Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 523, 106 S. Ct. 768, 88 L.Ed.2d 877 (1986)).  Therefore, the Court applies the res judicata doctrine of Mississippi courts.

Mississippi courts require four identities to be present for res judicata to apply:  "(1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom the claim is made." *EMC Mortg. Corp. v. Carmichael*, 17 So.3d 1087, 1090 (Miss. 2009) (quoting *Harrison v. Chandler-Sampson Ins. Inc.*, 891 So.2d 224, 232 (Miss. 2005)).  In addition, "a fifth requirement is that the prior judgment must be a final judgment that was adjudicated on the merits." *Id.* (citing *Anderson v. LaVere*, 895 So.2d 828, 833 (Miss. 2004)).

"Res judicata bars a second action between the same parties on the same subject matter directly involved in the prior action." *EMC Mortg.*, 17 So.3d at 1090 (quoting *Harrison*, 891 So.2d at 232) (internal quotations omitted).  In his state court actions, Plaintiff brought claims related only to the denial of his unemployment benefits.  (*See* Pike County Complaint [59-6].) This is made clear by the Order of Dismissal [59-7] of that complaint rendered by the Circuit Court of Pike County, which dismissed "on the grounds that the Appellant [Darcy Martin] has exhausted his appeal rights with this Court."  Because the only other action Plaintiff filed in the Pike County Circuit Court was an appeal of the MDES Board of Review's affirmation his denial of unemployment benefits, the Court must assume that this was the only subject matter of any

suit brought in state court. (*See* Pike County Order [59-5].) The only claim where subject matter identity exists, then, is the denial of unemployment benefits claim. Because this claim has already been found to be barred by the *Rooker-Feldmen* doctrine, the Court need not address whether it is also barred by res judicata.

        **D.**      **Collateral Estoppel**

"When collateral estoppel is applicable, the parties will be precluded from relitigating a specific issue actually litigated, determined by, and essential to the judgment in a former action, even though a different cause of action is the subject of the subsequent action." *Marcum v. Miss. Valley Gas Co., Inc.*, 672 So.2d 730, 732-33 (Miss. 1996). Defendant argues that the cause of Plaintiff's termination, his misconduct, was an issue that was actually litigated and decided in state court, and that Plaintiff is consequently barred from relitigating that issue in the current action. There is no question that the ALJ found that Plaintiff was fired for misconduct and that this determination was essential to finding that Plaintiff was not entitled to unemployment benefits in that action. (*See* ALJ Decision [59-3].) There is also no question that the MDES Board of Review adopted and affirmed the administrative law judge's findings or that the Circuit Court of Pike County affirmed the Board's decision. (*See* Board of Review Decision [59-4]; Pike County Order [59-5].) Furthermore, the Supreme Court of Mississippi has held that an administrative judge's decision that has been properly appealed through the administrative process and followed by an appeal to a state court is a final adjudication on the merits. *See Aetna Cas. & Sur. Co. v. Espinosa*, 469 So.2d 64, 67 (Miss. 1985). Therefore, since the reason for Plaintiff's termination was actually litigated and essential to the final judgment in the state court action, he will be barred by collateral estoppel from relitigating that issue in the current action.

Plaintiff's due process claim, his discrimination claim, and his claim dealing with his performance appraisal are based in his assertion that he was wrongfully terminated. Because it has already been determined by the state court action that Plaintiff was terminated due to misconduct and Plaintiff is collaterally estopped from challenging this fact, all three of these claims must fail. The Court therefore **grants** Defendant's Motion for Summary Judgment [59] with regards to Plaintiff's due process, discrimination, and performance appraisal claims.

### E. Eighth Amendment Claim

Plaintiff purports to bring a claim against Defendant for cruel and unusual punishment in violation of the Eighth Amendment. "The cruel and unusual punishment clause of the Eighth Amendment applies only in criminal actions, following a conviction." *Palermo v. Rorex*, 806 F.2d 1266, 1271 (5th Cir. 1987) (citations omitted). This is not a criminal case, and Plaintiff's treatment while he was employed by Defendant was not a punishment meted out following a criminal conviction. The Eighth Amendment is therefore inapplicable, and the Court **grants** Defendant's Motion for Summary Judgment [59] with respect to this claim.

### F. Thirteenth Amendment Claim

The Thirteenth Amendment holds that "[n]either slavery nor involuntary servitude . . . shall exist within the United States . . . ." U.S. CONST. amend. XIII. At the time of its adoption, the purpose of this amendment "was to abolish the institution of African slavery as it had existed in the United States at the time of the Civil War . . . [and] those forms of compulsory labor akin to African slavery which in practical operation would tend to produce like results." *United States v. Kozminski*, 487 U.S. 931, 942, 108 S. Ct. 2751 (1988) (quoting *Bulter v. Perry*, 240 U.S. 328, 332, 36 S. Ct. 258, 259, 60 L.Ed. 672 (1916)) (internal quotations omitted).

Plaintiff claims that Defendant subjected him to conditions of slavery and involuntary servitude.  He contends that he would do a certain task in a certain manner, but Defendant would then tell him that it was done incorrectly and that he must do it again.  Plaintiff does not, though, argue that he was forced to work for Defendant, nor does he argue that any other conditions made his employment with Defendant akin to slavery.  It just means he can't have it his way at this particular Burger King restaurant.  Defendant not allowing Plaintiff to choose the way he performed the job for which he was hired does not in any way make Plaintiff comparable to the victims of slavery.  Defendant's motion will therefore be **granted** as to this claim.

Because none of Plaintiff's claims are viable, the Court will **grant** Defendant's Motion for Summary Judgment [59] in its entirety.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment [59] is **granted**.

SO ORDERED AND ADJUDGED this the 16th day of November, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE